## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| Alicia Gelfond-Holtz *Individually, and as Executrix of the Estate of William A. Gelfond*, | : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 1:09-cv-03085-JOF |
| v. | : : | |
| The Harpagon Company, LLC, et al., | : : | |
| Defendants. | | |

## OPINION & ORDER

This matter is before the court on Defendant Hutchins' motion to dismiss [9]; Defendant Hutchins' motion for a more definite statement [10]; Defendants The Harpagon Company, LLC, Thomas Biggers, Robert Proctor and John E. Ramsey's motion to dismiss or in the alternative motion for a more definite statement [12]; and Plaintiff's motion for an extension of time to file response [15].

**I.     Background**

    **A.     Procedural History and Underlying State Court Litigation**

Plaintiffs, Alicia Gelfond-Holtz, individually and as executrix of the Estate of William A. Gelfond, filed suit against Defendants, The Harpagon Company, LLC; John E.

Ramsey; Robert J. Proctor; Bradley Hutchins[on]; and Thomas Biggers, on November 4, 2009, alleging various causes of action.

Some of the parties in the instant matter previously engaged in state court litigation concerning the disposition of two pieces of property, in a case styled as *The Harpagon Company, LLC v. Gelfond, et al.*, 279 Ga. 59 (2005). There, William Gelfond owned commercial real estate property at 587 Virginia Hill Avenue in Fulton County. He also owned residential property at 759 Adair Avenue in Fulton County. On March 11, 1994, he conveyed the Adair property to THR Development Group, Inc. William Gelfond died in 1996 at which time his wife, Alicia, was appointed executrix of his estate.

On December 15, 1999 and March 31, 2000, the Fulton County Tax Commissioner issued writs of *fieri facias* for an alleged unpaid 1999 ad valorem tax on the Virginia Hill property. Both fifas incorrectly named William "Gelford" as the Defendant. The property was described with reference to a fourteen digit parcel identification number. The fifas were transferred to Vesta Holdings as nominee for Heartwood 11, Inc. A tax sale was scheduled, but the owner named in the notices for the tax sales was inaccurately listed as THR. The advertisements also contained an inaccurate legal description of the property to be sold. Even though the parcel identification number referred to the Virginia Hill property, the legal description was for the Adair property that William Gelfond had sold to THR.

2

The sheriff levied upon the Virginia Hill property and sold it to Heartwood, the highest bidder. The prepared tax deed of sale erroneously named THR as the owner/grantor and the deed also erroneously described the Adair property. Heartwood then conveyed its interest by quitclaim deed to Harpagon. On August 11, 2003, Harpagon filed a quiet title action. On August 13, 2003, the Fulton County Sheriff "administratively cancelled" the tax deed at the request of Gelfond's estate, noting the procedural errors in the sale. In its opinion, the Supreme Court of Georgia also noted the numerous problems with the tax sale. *See* 279 Ga. at 60. The Court ultimately granted the Gelfond's motion for summary judgment, resting on the fact that the resulting tax deed in favor of Heartwood was "fatally defective" on its face because it contained descriptions for two different properties and therefore was insufficient to identify the land being sold. *Id.* at 61. Thus, the Court concluded that Heartwood never had a valid interest in the Virginia Hill property and Harpagon could not take any greater interest than Heartwood had. Therefore, the Court affirmed the decision of the trial court awarding fee simple title to the Gelfond Estate.

Robert J. Proctor and Bradley Hutchins, Defendants in the instant suit, represented The Harpagon Company in the state litigation. The court notes for the purposes of context that there is a history of contentious litigation between The Harpagon Company and its attorneys Proctor and Hutchins on one hand and Plaintiff's counsel Francis X. Moore and various of his clients on the other hand.

3

### B.      Allegations in Instant Federal Complaint

On November 4, 2009, Plaintiff filed the instant suit in federal court. The gravamen of Plaintiff's complaint is extremely difficult to discern, primarily because Plaintiff's complaint is a classic example of "shotgun pleading," an issue the court will address further below. The narration of the complaint is also incomprehensible in parts because it is so vague and lacks any factual framework. Plaintiff generally alleges that she is attempting to "vindicate" her "rights to recover damages from the acts of Defendants and their co-conspirators in defrauding the Gelfond Estate of commercial property through fraudulent property tax collection proceedings and the Defendants' subsequent conduct in and in relation to efforts to hinder, delay and obstruct the Plaintiffs' efforts to vindicate, through the filing and prosecution of a lawsuit, such rights and such other efforts by Defendants as have been designed to intimidate and retaliate against the Plaintiffs for their exercise [] the rights afforded under the federal and state constitutions and laws." *See* Cmplt., ¶ 1.

Plaintiff begins her complaint by providing "an overview of the process involved in a tax sale" under Georgia law. *See id.*, ¶¶ 2, 20-33. Plaintiff then alleges that the Harpagon Company specializes in acquiring real property tax executions, tax deeds or properties which have been sold at tax sales. *Id.*, ¶ 35. Vesta Holdings, Heartwood 11, Inc., and several individuals are affiliates of Harpagon. Those identified "actively conspired" with Hutchins, the Fulton County Tax Commissioner, the Fulton County Sheriff, and the Fulton County

Clerk of Superior Court to perpetrate a fraud on property owners in Fulton County, Georgia. *Id.*, ¶ 35. Plaintiff asserts that Fulton County officials delegated the performance of their constitutional and statutory duties to Vesta Holdings. *Id.*, ¶¶ 37-40. Defendants were provided with offices in the Fulton County Sheriff's Departments and access to computer databases that should have been available to government officials only. *Id.*, ¶ 41. Plaintiff asserts that as part of some conspiracy, the Vesta Parties developed and implemented a scheme for taking property by purporting to issue fifas and conduct tax sales without notice. *Id.,* ¶ 43. Plaintiff then describes the duties owed by a government official. *Id.*, ¶ 44 (citing O.C.G.A. § 45-10-1). Plaintiff avers that the Vesta Parties and all Defendants conspired to induce public officials to violate their obligations. *Id.*, ¶ 45. Plaintiff then describes the duties of the Fulton County Sheriff, *id.*, ¶ 47, and alleges that Defendants usurped those duties. *Id.*, ¶¶ 48-51.

Beginning at Paragraph 52, Plaintiff recites the facts related to the Gelfond property as found by the Supreme Court of Georgia in the underlying litigation. *Id.*, ¶¶ 52-59. Plaintiff alleges that Defendants should have known that the fifa listed against William "Gelford" was ineffective to constitute a lien on Mr. Gelfond's property. *Id.*, ¶ 60. Further, because Gelfond was dead, no fifas would be effective against his estate. *Id.*, ¶¶ 61-62.

Despite all of this knowledge, an unidentified "it" "went to the property, interfered with the Gelfond Estate's tenants and business relations and continued for years to

5

knowingly and falsely claim that it was the owner of the Property." *Id.*, ¶ 62. Even after the issuance of the Supreme Court's opinion "Defendants all conspired to retaliate against Plaintiffs by filing another frivolous and unfounded lawsuit against the Fulton County Sheriff for the purpose of forcing him to provide them a deed to the Gelfond Estate property." *Id.*, ¶ 64. "Defendants, separately, and in combination with others" acted in immoral and oppressive manners, acted with "covert and clandestine" natures, and are liable for the actions of each other because of the conspiracy. *Id.*, ¶¶ 65-67.

Under her "breach of duties" count, Plaintiff references several federal statutes, including 18 U.S.C. § 1341, § 1342, and § 1346, as well as 18 U.S.C. § 241 and 42 U.S.C. § 1985. *See* Cmplt., ¶¶ 84-88. Plaintiff's § 1985 allegation consists of: Defendants conspiring for the purpose of "impeding, hindering, obstructing, or defeating the due course of justice in the State of Georgia with the intent to deny the Plaintiffs the rights to equal protection of the law, or to injure them or their property for lawfully enforcing, or attempting to enforce their rights to the equal protection of the laws." *Id.*, ¶ 88. Plaintiff goes on to allege generally that Defendants (a) used physical force to convince people to withhold testimony or documents, (b) intimidated or threatened people to withhold testimony or documents, and (c) intentionally harassed Plaintiffs. *Id.*, ¶ 89.

Plaintiff alleges in her fraud claim that Defendants "employed silence" when they had a duty to inform and used "surprise, trickery and deceit" in attempting to convert Plaintiff's

property. *Id.*, ¶ 94. Plaintiff contends that "Defendants" "knowingly, intentionally, and maliciously made or caused to be made false oral and written statements concerning Plaintiffs' ownership of the Property." *Id.*, ¶¶ 101-02. But Plaintiff fails to allege who made such statements, when, and to whom. *Id.* (This is the only paragraph where Plaintiff names attorney Robert J. Proctor, but she fails to explain where or in what context Mr. Proctor might have made any such statements.)

### C. Contentions on Motions to Dismiss

Defendant Hutchins filed two motions to dismiss, one which addresses the merits of Plaintiff's complaint and one which asks the court to direct Plaintiff to file a more definite statement. On the merits, Defendant Hutchins argues that Plaintiff fails to make any specific factual allegations, rather she pleads in legal conclusions alone. He further asserts that there is no civil private right of action on the federal criminal statutes pled by Plaintiff and that Plaintiff's complaint does not state a cause of action under any of the three prongs of § 1985, particularly because Plaintiff has not alleged any racial or class-based invidious discriminatory intent on the part of Defendants. In the alternative, Defendant Hutchins contends that Plaintiff's § 1985 and all state law torts are barred by Georgia's four year statute of limitations.

In his motion for a more definite statement pursuant to Rule 12(e), Defendant Hutchins notes that Plaintiff fails to make a single specific factual allegation against him and

7

that this is not sufficient in a complaint based on a civil rights conspiracy. Defendants, The Harpagon Company, LLC; John E. Ramsey; Robert J. Proctor; and Thomas Biggers adopt Defendant Hutchins' motion to dismiss pursuant to Rule 12(b)(6) and his alternative motion for a more definite statement.

Plaintiff responds the general notice pleading requirements of Rule 8 apply to her complaint and she has met those standards. Due to the nature of conspiracies, Plaintiff alleges that she cannot provide more details at the pleading stage and she should be permitted to "resort" to the discovery process. Plaintiff also avers that she has articulated federal claims because she stated that "Defendants" induced Fulton County employees to abandon their duties. She further contends that she has stated a claim under 42 U.S.C. § 1985(2) and (3) because she has alleged wrongful conduct with the "due course of justice" in a state and that Defendants conspired to deny her equal protection of the law.

## II.   Discussion

The court agrees with Defendants that Plaintiff's complaint is a classic example of "shotgun" pleading. With possibly one exception where Plaintiff inserts the name of Defendant Proctor, each and every paragraph of Plaintiff's allegations are made against "Defendants" without any specification of which Defendant she contends is liable under which cause of action. The "failure of the plaintiff to identify his claims with sufficient clarity to enable the defendant to frame a responsible pleading constitutes shotgun

8

pleading." *Sledge v. Goodyear Dunlop Tires North America, Ltd.*, 275 F.3d 1014, 1018 n.8 (11th Cir. 2001). The law disfavors "shotgun" pleading. *See Byrne v. Nezhat*, 261 F.3d 1075, 1129-34 (11th Cir. 2001) (discussing the problems occasioned by shotgun pleadings). A district court faced with shotgun pleadings should order a repleading for a more definite statement under Federal Rule 12(e) which states that if a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." *See Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). When a plaintiff fails to respond to a court's order for a more particular pleading, "the court should strike his pleading, or, depending on the circumstances, dismiss the case and consider the imposition of monetary sanctions." *Byrne v. Nezhat*, 261 F.3d 1075, 1129-34 (11th Cir. 2001) (discussing the problems occasioned by shotgun pleadings).

Here, Plaintiff identifies eight counts in her complaint: trespass; tortious interference with contractual and business relations; breach of duties; fraud, deceit and intentional misrepresentations; libel and slander to title; wrongful foreclosure of right to redeem; punitive damages; and attorney's fees. None of these counts identifies any particular Defendant against whom the claim is brought. There is no possible way for any of the named Defendants to prepare a defense to this suit where Plaintiff's allegations consistently are made in a collective fashion. The problem is further compounded by the fact that

9

Plaintiff's allegations are uniformly vague and conclusory. Significantly for the instant motions to dismiss, there is not one specific factual allegation raised against Defendant Attorneys Proctor and Hutchins in Plaintiff's 115 paragraph complaint. It is clear that these Defendants are named solely because they acted as counsel for Harpagon in the underlying state court litigation. This is not a proper basis for a civil claim.

Of further significance is the fact that Plaintiff does not identify any federal claim in the eight counts of her complaint. Under her "breach of duties" count, she does, however, reference several federal statutes, including 18 U.S.C. § 1341, § 1342, and § 1346, as well as 18 U.S.C. § 241 and 42 U.S.C. § 1985. *See* Cmplt.,¶¶ 84-88. She also alleges federal question jurisdiction, 28 U.S.C. § 1331, as the basis of jurisdiction in this court. *See* Cmplt, ¶ 11 ("Plaintiffs assert claims under the Constitution, laws, or treaties of the United States."). It is clear, however, that no civil private right of action exists for 18 U.S.C. §§ 1341, 1342, 1346, or 241 and Plaintiff does not even attempt to respond to Defendants' motion to dismiss on this basis.

Plaintiff's § 1985 allegation consists of: Defendants conspired for the purpose of "impeding, hindering, obstructing, or defeating the due course of justice in the State of Georgia with the intent to deny the Plaintiffs the rights to equal protection of the law, or to injure them or their property for lawfully enforcing, or attempting to enforce their rights to the equal protection of the laws." *Id.*, ¶ 88. This claim is meaningless as stated. Plaintiff

10

does not provide any factual background to support her vague and conclusory § 1985 allegations which are particularly puzzling where in the underlying litigation, the Harpagon Company brought a quiet title action which was defeated by Plaintiff. Plaintiff goes on to allege, again with no factual explanation, that Defendants (a) used physical force to convince people to withhold testimony or documents, (b) intimidated or threatened people to withhold testimony or documents, (c) intentionally harassed Plaintiffs. *Id.*, ¶ 89.

This "conspiracy" among Defendants permeates Plaintiff's entire complaint, but she fails to make any more than vague or conclusory allegations about the conspiracy. *See*, *e.g.*, *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11 th Cir. 1984) (in civil rights and conspiracy actions "vague and conclusory" allegations are not sufficient; "[i]t is not enough to simply aver in the complaint that a conspiracy existed"). Contrary to Plaintiff's assertions, conspiracy allegations must do more than meet the notice pleading requirements. *Id.* "Pleadings must be something more than an ingenious academic exercise in the conceivable." *See*, *e.g.*, *Marsh v. Butler County*, 268 F.3d 1014, 1037 (11th Cir. 2002).

Finally, the court notes that Plaintiff attempts to add a § 1983 claim in her response to Defendants' motions to dismiss. *See* Response, at 12-13. She also contends in her response that Defendant Biggers was an employee of Vesta Holdings but had formerly been chief of delinquent tax collections under the Fulton County Tax Commissioner. *Id.* at 7. Plaintiff states that Biggers "made himself extremely accessible to the Defendants and their

11

tax collection affiliates or co-conspirators," including making himself available for depositions without subpoenas for "Defendants" but "Defendants" then prevented victims of fraud from deposing Biggers. *Id.* at 7-8. None of these allegations, however, is made in the complaint. Of course, an amendment cannot be made to a complaint in a response brief.

Plaintiff appears to contend that this suit is a "renewal" of the underlying state court litigation. She contends that the state law claims raised in the complaint "are the same as were previously asserted" in the state court litigation. *See* Cmplt., ¶ 14. She further avers that under O.C.G.A. § 9-11-41(a) (the renewal statute), she filed a dismissal without prejudice in the prior action and paid all costs and fees owed. *Id.*, ¶¶ 15-16. She has "renewed" this action within six months of the dismissal of the prior action on May 4, 2009. *Id.*, ¶ 17. The problem with this theory is that the litigations are not mirror images. Plaintiff has sued Defendants in this federal lawsuit who were not parties to the state lawsuit. Plaintiff also purports to raise federal claims here that she did not raise in her counterclaim in the state court litigation. *See generally Costello v. Bothers*, 278 Ga. App. 750 (2006). These facts are perhaps insurmountable obstacles in bringing a "renewal" action yet Plaintiff failed to respond to Defendant Hutchins' motion to dismiss on this basis.

Without the benefit of the "renewal" statute, Plaintiff faces obvious statute of limitations problems given that the quiet title action was filed on August 11, 2003, and litigated through 2005. Plaintiff does not dispute that most of her claims would be governed

12

by a four year statute of limitations. Rather, she contends without any factual support or description that Defendants hid the nature of their actions. This is a difficult theory to support where the parties engaged in litigation about Defendants' actions beginning on August 11, 2003.

Finally, the court notes that Plaintiff's complaint clearly raises a fraud claim. Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Id.* A complaint must set forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making . . . same, and (3) the content of such statements and the manner in which they mislead the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*See*, *e.g.*, *United States ex rel. Clausen v. Laboratory Corp.*, 290 F.3d 1301, 1310 (11th Cir. 2002); *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) . Fraud claims that must be stated with particularity would include the fraud, deceit, and intentional misrepresentations alleged by Plaintiff in her complaint. Plaintiff's complaint does not come anywhere close to complying with these pleading requirements.

In sum, the court has grave concerns about pleading of this complaint. The court also has doubts about its jurisdiction in this matter. Defendants have raised serious statute of limitations problems against which it is simply insufficient for Plaintiff to baldly state that

13

Defendants hid their activities, particularly when the parties engaged in significant litigation up to the Supreme Court of Georgia concerning the tax sale of the properties at issue.

Based on the jurisprudence of "shotgun" pleading and Rule 12(e), the court finds that the most efficient course of action will be to allow Plaintiff one opportunity to amend her complaint to address the deficiencies noted by the court and Defendants. Once Plaintiff has filed an amended complaint, Defendants may renew their motions to dismiss and the court will fully adjudicate the legal issues set forth above.

### III. Conclusion

The court DENIES WITH LEAVE TO RENEW Defendant Hutchins' motion to dismiss [9]; GRANTS Defendant Hutchins' motion for a more definite statement [10]; DENIES WITH LEAVE TO RENEW Defendants The Harpagon Company, LLC, Thomas Biggers, Robert Proctor, and John E. Ramsey's motion to dismiss and GRANTS the motion for a more definite statement [12]; and GRANTS Plaintiff's motion for an extension of time to file response [15].

Plaintiff is DIRECTED to file an amended complaint within twenty (20) days from the date of this order. The court expects the amended complaint to address the deficiencies noted in this order. The court also reminds Plaintiff that under the "shotgun pleading" jurisprudence of this circuit, this is Plaintiff's last opportunity to correct the problems in her

complaint. Should her amended complaint not pass muster, the court will dismiss her claims with prejudice.

**IT IS SO ORDERED** this 25th day of June 2010.


                                                  /s   J. Owen Forrester
                                             J. OWEN FORRESTER
                       SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)